12-1356-cv
City of New Haven v. Ins. Co. of Penn.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand thirteen.

PRESENT: PIERRE N. LEVAL,
REENA RAGGI,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

-----------------------------------------------------------------------
CITY OF NEW HAVEN,
*Plaintiff-Appellant,*

DONNA APONTE, ADMINISTRATOR OF THE ESTATE
OF DARIO APONTE,
*Intervenor Plaintiff,*

v.                                                          No. 12-1356-cv

INSURANCE COMPANY OF THE STATE OF
PENNSYLVANIA,
*Defendant-Appellee,*

CHARTIS SPECIALTY INSURANCE CO.,
*Defendant.*
-----------------------------------------------------------------------

FOR APPELLANT:                      Edward W. Gasser, Gasser Law Firm, LLC, Avon, Connecticut.

FOR APPELLEE:                       Donald E. Frechette , John D. Hughes, Aubrey E. Ruta, Edwards Wildman Palmer LLP, Hartford, Connecticut.


Appeal from a judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 9, 2012, is AFFIRMED.

Plaintiff City of New Haven ("New Haven") appeals from an award of summary judgment in favor of defendant Insurance Company of the State of Pennsylvania ("ISOP") on New Haven's action for (1) a declaration that an excess liability insurance policy (the "Policy") covers certain claims asserted against New Haven arising out of an automobile accident between two New Haven police officers, and (2) reformation of the Policy to delete two exclusions relied on by ISOP to deny coverage.

We review an award of summary judgment de novo, viewing the record evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor.  See Ramos v. Baldor Specialty Foods, Inc., 687 F.3d 554, 558 (2d Cir. 2012). Because the construction of an insurance contract presents a question of law, we also review that issue de novo.  Fireman's Fund Ins. Co. v. TD Banknorth Ins. Agency Inc., 644 F.3d 166, 169 (2d Cir. 2011).  We assume the parties' familiarity with the facts and the record of

2

prior proceedings, which we reference only as necessary to explain our decision to affirm.

In rejecting New Haven's claim for coverage of its liability for claims by the estate and the conservator of the officers involved in the automobile accident at issue, ISOP, through its claims administrator, invoked two provisions of the Policy: (1) the Fellow Employee Exclusion, which states that ISOP "will not defend or pay under this Policy for claims or suits against [New Haven] . . . [a]rising out of the liability of your employee for bodily injury to another of your employee(s) injured in the course of his or her employment," Policy 13, and (2) the Workers' Compensation Exclusion, which states that ISOP "will not defend or pay [New Haven] under this Policy for claims or suits" for which New Haven "may be held liable under any workers' or unemployment compensation law, disability benefits law or any similar law," id.

In urging that these provisions do not control, New Haven makes two principal arguments on appeal. First, it contends that because its employees, who are additional insureds under the Policy, would be entitled to claim coverage in their own right despite the apparent bar of the Fellow Employee Exclusion, see Policy 25, New Haven itself is entitled to bring this action on their behalf. Second, New Haven contends that the Fellow Employee Exclusion is unenforceable as against the public policy reflected in Conn. Gen. Stat. § 31-293a. We are persuaded by neither argument.

New Haven's first argument fails because, even if the estate and conservator of the officers in question could claim coverage in their own right under the Policy, neither

3

employee is a party to this action, and New Haven does not demonstrate (or even contend) that it has standing as a third party to assert claims on their behalf.  See Kowalski v. Tesmer, 543 U.S. 125, 129–30 (2004) (discussing requirements for third-party standing); see also W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP, 549 F.3d 100, 109 (2d Cir. 2008). That this action was filed in state court and then removed does not obviate the need to satisfy federal standing rules.  See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006).

New Haven's second argument also fails.  Insofar as Connecticut law permits employees to sue each other for negligently causing automobile accidents, the Fellow Employee Exclusion places no limit on that right; it purports to limit only the coverage ISOP will provide to the employer for its liability to its employees.  To the extent New Haven maintains that Connecticut public policy favors providing insurance coverage to the employees involved in such automobile accidents because "[c]ertainly, the legislature would not carve out an exception intending the employee to be personally liable with no insurance protection," Appellant's Br. 21, it is not the personal liability of the employees, or their coverage, that is at stake in this suit.  Rather, for the reasons already explained, it is New Haven's liability to those employees or their estates.  Therefore, whatever its merits, New Haven's public policy argument is not at issue here.

4

We have considered New Haven's other arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court